David A. Butler, Jr., Esq., CASBN 139871
305 San Bruno Avenue West
San Bruno, CA  94066-3526
(650) 873-3750
(650) 873-3168 FAX
davebutler@sanbrunocable.com

Attorney for Defendant,
Arsenio Huqueriza

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF CALIFORNIA**
**SAN FRANCISCO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) **No. CR08-0119** |
| Plaintiff, | ) |
| | ) **NOTICE OF MOTION AND MOTION TO** |
| | ) **QUASH WARRANT AND SUPPRESS** |
| vs | ) **EVIDENCE, MEMORANDUM OF POINTS** |
| | ) **AND AUTHORITIES, PROOF OF** |
| ARSENIO HUQUERIZA, | ) **SERVICE** |
| Defendant. | ) |
| | ) **[F.R.Crim.P. § 41(h)]** |
| | ) |
| | ) Date: June 18, 2008 |
| | ) Time: 2:30 P.M. |
| | / Judge: Hon. Phyllis J. Hamilton |

TO THE ABOVE-ENTITLED COURT, AND TO THE UNITED STATES ATTORNEY FOR THE NORTHERN DISTRICT OF CALIFORNIA:

PLEASE TAKE NOTICE that, on June 18, 2008 at 2:30 P.M., in Department No. 3 of the above-entitled Court, the time and place set for the motion to suppress pursuant to Federal Rule of Criminal Procedure, Section 41(h), et seq., the defense will move to controvert and to quash Warrant No. 3-07-70473 on the following grounds:

The affidavit for the search warrant does not constitute

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS**
**EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

probable cause for its issuance.  It was never shown to the defendant.

The warrant is defective in that it does not specify the things to be seized or the persons to be searched, or does not specify with particularity the place to be searched.

The warrant was not timely or properly served.

The search was unreasonable or excessive in its scope.

This motion will be based on the attached memorandum of points and authorities, all papers filed and records in this action, the attached declaration of Arsenio Huqueriza, a supplemental memorandum of points and authorities to be filed after the hearing on this motion, evidence taken at the hearing on this motion, and argument at that hearing.

Date: May 14, 2008         Respectfully submitted,

                                    /s/
                           _____
                           David Butler, Jr.
                           Attorney for Defendant

MEMORANDUM OF POINTS AND AUTHORITIES

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

SUMMARY OF ARGUMENT

The affidavit of Brodie Allyn causing the warrant to issue was never presented to the defendant and has not been provided to his attorney.  Further, the defendant, was handcuffed, removed from his house and detained in a police car for a time during the search all in violation of his fourth amendment rights.

STATEMENT OF FACTS

On Friday, August, 10, 2007, at approx. 0815 hours, the warrant at issue was served as more particularly described in the attached declaration. The affidavit supporting the motion was never shown to the defendant. He was handcuffed, and removed from his home and placed in a police car until he was later returned to his home as the search continued.

ARGUMENT

THE DEFENDANT HAS STANDING TO CHALLENGE THE FOURTH AMENDMENT VIOLATION

A defendant may challenge the propriety of a search or seizure which violates the defendant's own reasonable expectations of privacy in the area searched or the item seized. (Rakas v Illinois (1978) 439 US 128, 58 L Ed 2d 387, 99 S Ct 421.)

/ / /

/ / /

THE FRUITS OF AN ILLEGAL ACT ARE TAINTED

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

AND CANNOT BE USED AS EVIDENCE

Evidence seized as the result of a search or seizure (or an arrest) that has exceeded permissible bounds is the "fruit of the poisonous tree" and must be excluded. (Wong Sun v U.S. (1963) 371 US 471, 9 L Ed 2d 441, 83 S Ct 407.)

Thus confessions, admissions and physical evidence may be barred (Lockridge v Superior Court (1970) 3 C3d 166, 89 CR 731), as may be testimony as to the identity of stolen goods (People v Dowdy(1975) 50 CA3d 180, 123 CR 155), and tape recordings (People vCoyle (1969) 2 CA3d 60, 83 CR 924). (See also Ruiz v Craven (9th Cir 1970) 425 F2d 235 (confession after confrontation with illegally seized heroin).)

Also, tangible evidence obtained as the fruit of a Miranda violation is inadmissible and may be suppressed under Penal Code section 1538.5 if it is the fruit of an error that may be challenged under section 1538.5. (People v Abbott (1970) 3 CA3d 966, 84 CR 40; U.S. v Casell (7th Cir 1971) 452 F2d 533; People v Superior Court (Keithley) (1975) 13 C3d 406, 118 CR 617.) An admission or confession or other intangible fruit that is the result of an illegal arrest can be challenged under section 1538.5. (Wong Sun v U.S., supra; People v DeVaughn (1977) 18 C3d 889, 135 CR 786.)

Once it is shown that a statement was the fruit of a violation of the constitutional proscription against unreasonable

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

1    searches and seizures, it is the People's burden to try to purge

2    the evidence of its taint. A mere giving of the Miranda

3    admonition is not enough. (Brown v Illinois (1975) 422 US 590, 45

4    L Ed 2d 416, 95S Ct 2254.)

5

6    THE PROSECUTION MUST PROVIDE THE SOURCE OF INFORMATION
     TRANSMITTED THROUGH OFFICIAL CHANNELS WHEN CHALLENGED

7    It is the prosecution's burden, on defense request, to show

8    that information received by an officer through official channels

9    had a legitimate source. Therefore, when challenged by the

10   defense, the prosecution must produce either the original

11   informant (the source of the information relied on) or the

12   officer who received the information from the informant.

13   (Whiteley v Warden (1971)401 US 560, 28 L Ed 2d 306, 91 S Ct

14   1031; 1 LaFave, Search and Seizure $^{\perp}$3.5.)

15

16   This rule applies to detentions as well:  the prosecution

17   must produce either the informant or the initiating officer when

18   challenged. (People v Collin (1973) 35 CA3d 416, 110 CR 869.)

19

20   DEFENDANT ASKS PERMISSION TO FILE SUPPLEMENTAL POINTS AND
         AUTHORITIES AFTER THE HEARING ON THIS MOTION

21

22   Defendant requests permission to file a supplemental

23   memorandum of points and authorities after the hearing on this

24   motion, to address the testimony at that hearing and the

25   prosecution's arguments.

26   // /

27   // /

28

---

5

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS
EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

1

CONCLUSION

2     For all the reasons given above, and because the prosecution

3   has not borne its burden in the instant case, the motion to

4   suppress should be granted, the warrant quashed, and the

5   evidence seized by the Immigration and Customs Enforcement in

6   this case should be suppressed.

7

PROOF OF SERVICE

8     I, David A. Butler, Jr., certify:

9

10    I am, and at all times mentioned herein was, an active

11  member of the  State Bar of California and not a party to the

12  above-entitled cause. My  business address is 305 San Bruno

13  Avenue West, San Bruno, CA  94066-3526.

14  I served the **NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND**

15  **SUPPRESS EVIDENCE** On May 14, 2008, by depositing a copy of

16  the document in the United States mail at 305 San Bruno  Avenue

17  West, San Bruno, San Mateo County, California, in a sealed

18  envelope, with postage fully prepaid, addressed to:

19
Erika Frick, Esq.
20  U.S. Attorney's Office
450 Golden Gate Ave.
21  San Francisco, CA  94102

22  And by email to Erika.Frick@usdoj.gov

23  who is the attorney for the plaintiff in the above-entitled

24  cause.                                 /s/

25  Dated: May 14, 2008          _____

26

27                        David Butler, Jr.

28

**NOTICE OF MOTION AND MOTION TO QUASH WARRANT AND SUPPRESS**
**EVIDENCE, MEMORANDUM OF POINTS AND AUTHORITIES, PROOF OF SERVICE**

1  David A. Butler, Jr., Esq., CASBN 139871
   305 San Bruno Avenue West
2  San Bruno, CA  94066-3526
   (650) 873-3750
3  (650) 873-3168 FAX
   davebutler@sanbrunocable.com
4
   Attorney for Defendant,
5  Arsenio Huqueriza

6

7

8                     UNITED STATES DISTRICT COURT
                      NORTHERN DISTRICT OF CALIFORNIA
9                       SAN FRANCISCO DIVISION

10 UNITED STATES OF AMERICA,        )  **No. CR08-0119**
                                    )
11          Plaintiff,              )  **DECLARATION OF DEFENDANT,**
                                    )  **ARSENIO HUQUERIZA, IN SUPPORT**
12 vs                               )  **OF MOTION TO SUPPRESS EVIDENCE.**
                                    )
13 ARSENIO HUQUERIZA,               )
                                    )
14          Defendant.              )
                                    )
15 _____/

16
   I, Arsenio Huqueriza, am the defendant in this case and if called
17
   to testify as to the matters contained herein, I am competent to
18
   do so.
19
20 On Friday, August 10, 2007, at approximately at approx. 0815
21
   hours, I was awakened from my sleep by a loud knocking on the
22
   front door of my home. I hurriedly went downstairs to see who it
23
24 was, peeked at the peep hole and saw uniformed officers, I opened
25 the door and there was about seven of them. One of the officers
26
   was carrying an assault rifle. I asked, "Is there anything
27
   wrong?" One officer told me that they were
28

                   **DECLARATION OF DEFENDANT, ARSENIO HUQUERIZA,**
                    **IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

1  investigating a possible hit and run involving my car a red

2  Dodge Durango, which was parked on my driveway. He pointed at my

3  car and to take a look at the damage. As I stepped out to look,

4  he immediately handcuffed me. I asked, "What is this for?" As a

5  response, the officer said "I'll tell you later." They then

6  escorted me to a marked patrol car which was parked approx. 55

7

8  ft. away and in front of my next door neighbor's house. I was

9  placed in the back seat "cage" and kept asking what the charge

10 was for. Finally, he told me that they have a reason to believe

11 that I have, in possession, child pornographic material and that

12 they have a warrant to search my home. In the meantime, the

13

14 officers went inside my home.  I was kept in the patrol car for

15 at least fifteen minutes, while handcuffed, until I was taken

16 out of the patrol car and brought inside my home, when the

17

18 handcuffs were removed.

19 My wife, son, and daughter told me later what had occurred when I

20 was handcuffed in the car. They said they were awakened by loud

21 noises yelling, "Search warrant" and loud knocking on their

22 bedroom doors. They said they had feared for their lives for they

23

24 thought it was a gang home invasion. Once they opened their

25 doors, they saw about 5 police officers with guns drawn ordering

26 them to stay put in the den. They were kept in the den for

27

28

**DECLARATION OF DEFENDANT, ARSENIO HUQUERIZA,**
**IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

approx. 2 hours, from 0830 until 1000. During that time, my wife

said she was worried about me and asked "Where is my husband, is

my husband okay?" One of the officers responded, "He's

downstairs, he's fine." She also asked, "What is the search

warrant for?" and one of the officers said, "Someone will talk to

you about it later when we go downstairs." There was also a time

where the officers asked if my family had to be anywhere, such as

school and work, and gave them permission to get ready one at a

time. My son claimed, when he went to get ready, that he wanted

to change his clothes in private, but was not allowed to do so.

My wife said she went to her room escorted by one officer to put

on a robe and went back to the den. They all then were ordered to

stay in one area (Den) while they conducted their search two

officers watched my family in the den.

At aprox.0830 hours, officers came to me and let me out of the

patrol car still in handcuffed and escorted inside my home, he

led me into my living room and took off the handcuffed and told

me to stay there while one officer stood guard. At approx. 0915

hours I was moved to the family room, one officer asked me how \

many cars do I owned, I told him four he then asked for the keys

my wife and daughter gave it to them. One officer went inside the

garage and I presumed that he searched the inside of my car a

**DECLARATION OF DEFENDANT, ARSENIO HUQUERIZA,**
**IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

1  Mercedes Benz C320 and saw boxes and other large items inside
2  because when he came back to my location (Living room) he asked
3  me if we were planning to travel, I told him that the car is not
4  being used and that we are using the inside of the car as storage
5  space.
6
7  At approx. 10:00 hours my wife son and daughter joined me into
8  the family room. They were not free to move around, they have to
9  ask permission to use the bathroom. At approximately 10:45 hours,
10  the officers concluded their search and gave me a copy of the
11  search warrant and a printed copy.
12
13  I declare under penalty of perjury that the foregoing is true and
14  correct.
15
16  May 13, 2008
17                                    Arsenio Huqueriza
18
19
20
21
22
23
24
25
26
27
28

**DECLARATION OF DEFENDANT, ARSENIO HUQUERIZA,
IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**